NOT DESIGNATED FOR PUBLICATION

No. 123,254

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of

STEVEN R. ISLAM.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Opinion filed April 23, 2021.
Appeal dismissed.

*Jennifer Wyatt*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and CLINE, JJ.

PER CURIAM:  Typically, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014).

Steven R. Islam is involuntarily committed as a sexually violent predator. Following his 2018 annual review, Islam requested an annual review hearing to determine whether he was eligible for transitional release. The district court found Islam failed to satisfy his burden to justify placement into transitional release. On appeal, Islam argues the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq., violates the United States Constitution because it does not meet due process requirements. Because Islam failed to preserve this issue, we must dismiss his appeal.

1

FACTUAL AND PROCEDURAL HISTORY

In 2003, Islam was involuntarily committed as a sexually violent predator under the KSVPA. Under the KSVPA, Islam received annual reviews of his mental condition. Following the State's 2018 annual notice of right to petition for release from treatment over the Secretary's objection, Islam requested an annual review hearing to review the status of his mental condition. See K.S.A. 2020 Supp. 59-29a08.

The district court conducted an annual review hearing in May 2019 and found Islam "failed to meet his burden of showing probable cause to believe that his mental abnormality or personality disorder has significantly changed so that he is safe to be placed in transitional release." The district court also "request[ed] that a hearing be set for the State to present evidence" on what it takes for a person—and specifically Islam—"to move forward in the Sexual Predator Treatment Program." The district court held an evidentiary hearing for that purpose on August 1, 2019. At the conclusion of the hearing, the district court noted the purpose of the hearing (which it characterized as educating the court and Islam on what was "missing" in Islam's attempts to move forward in the Sexual Predator Treatment Program) had been served.

The journal entry of the district court's judgment at the May 2019 hearing was filed on June 26, 2020. On July 10, 2020, Islam filed a notice of appeal, in which he appealed "all adverse rulings and decisions made related to the judgment rendered on the 15th day of May, 2019, as memorialized in the Journal Entry, which was file-stamped on the 26th day of June, 2020." The record does not contain any journal entry regarding the August 1, 2019 hearing, nor does Islam's notice of appeal mention this hearing.

ANALYSIS

On appeal, Islam does not challenge the district court's probable cause finding. Instead, the sole issue raised in his brief is his claim that the KSVPA violates the United States Constitution because it does not meet due process requirements. Islam did not raise this argument below, nor does he offer any reason why he failed to do so.

Litigants generally are precluded from raising an issue on appeal when they failed to raise the issue in the district court. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). While exceptions to this general rule exist, Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Our Supreme Court has warned this rule is to be strictly enforced, and litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). And, even if an exception supports the decision to review a new issue, an appellate court has no obligation to do so. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). This is true even when the new issue raised is a constitutional one. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

Islam has failed to comply with Supreme Court Rule 6.02(a)(5), since he did not explain why he did not raise the issue below, nor did he explain why this court should consider his claim for the first time on appeal. Thus, we must consider the issue waived.

Because Islam failed to raise his sole issue on appeal below and does not argue that an exception exists, which allows this court to address the issue, we are required to dismiss the appeal.

Appeal dismissed.