NOT DESIGNATED FOR PUBLICATION

No. 122,154

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JENNIFER STOKES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed April 30, 2021. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Jennifer Stokes appeals her sentence following her conviction of possession with intent to distribute tetrahydrocannabinol. Stokes claims the district court erred by not granting her a durational departure, even though she moved only for a dispositional departure. Finding no error, we affirm the district court's judgment.

1

Stokes pled no contest to possession with intent to distribute tetrahydrocannabinol in exchange for dismissal of other drug-related charges. The presumptive sentence was 32-34-36 months' imprisonment. Under the plea agreement, the State agreed to stand silent as to Stokes' request for a dispositional departure at sentencing. Before sentencing, Stokes moved for a dispositional departure to community corrections.

At the sentencing hearing Stokes testified in support of the dispositional departure, stating she had minor children and she had made appointments to address her drug and mental health problems. The district court sentenced Stokes to 34 months' imprisonment with 24 months' postrelease supervision but granted her request for probation with community corrections for 18 months. The district court cited three reasons for granting the dispositional departure:  (1) no opposition by the State; (2) preservation of Stokes' family; and (3) rehabilitation efforts by Stokes. Although the district court granted Stokes the sentence she requested, she timely filed a notice of appeal.

Stokes moved for summary disposition of her sentencing appeal, arguing the district court abused its discretion in failing to provide a durational departure and that it erred in scoring her criminal history without proving the prior convictions to a jury. The State did not respond to Stokes' motion for summary disposition. This court denied the motion for summary disposition and ordered briefing without stating any reason.

ANALYSIS

In her brief, Stokes claims the district court "abused its discretion in failing to provide [her] with a more substantial departure, either by reducing the length of her probation, providing a durational departure to the underlying sentence, or both." She does not address her claim in the summary disposition motion that the district court erred in

scoring her criminal history without proving the prior convictions to a jury. An issue not briefed is waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

The State counters that because Stokes did not move for a durational departure in district court, she cannot raise this issue on appeal. Alternatively, the State argues that the district court did err in granting only a dispositional departure. We have jurisdiction to hear Stokes' appeal because she received a departure sentence. See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). But as the State argues, Stokes' single claim on appeal is not properly preserved for our review.

Stokes' only claim on appeal is that the district court should have granted her some type of durational departure along with the dispositional departure the court granted. But Stokes did not raise this issue before the district court. Both in her motion and at sentencing, she only argued for a dispositional departure. She never requested that the district court grant a durational departure. Generally, an appellant cannot raise an issue on appeal when it was not raised in district court. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). There are exceptions to this general rule, but the appellant must explain why the issue is properly raised for the first time on appeal. 309 Kan. at 995; Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35). Stokes neither acknowledges that she did not request any kind of durational departure below nor argues why this court should hear this issue for the first time on appeal. Litigants who ignore Rule 6.02(a)(5) risk a ruling that the issue is improperly briefed and will be considered waived or abandoned. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

Moreover, Stokes fails to point to a decision for this court to review. Whether the district court erred in failing to grant a more substantial departure is reviewed for an abuse of discretion. *State v. Ballard*, 289 Kan. 1000, 1007-09, 218 P.3d 432 (2009). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State*

*v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Stokes bears the burden of establishing the district court abused its discretion. See 310 Kan. at 615. Because Stokes never requested a durational departure, the district court neither considered a durational departure nor made a discretionary decision about a durational departure. This court cannot decide whether the district court abused its discretion when the court did not exercise any discretion. See, e.g., *Manhattan Ice and Cold Storage v. City of Manhattan*, 294 Kan. 60, 81, 274 P.3d 609 (2012) ("Without a ruling from the district court on this issue, we cannot proceed with formless appellate review.").

Even if Stokes' dispositional departure argument preserved her durational departure argument, she fails to show the district court abused its discretion. Under K.S.A. 2020 Supp. 21-6815(a), the district court "shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." Stokes points to the same factors the court cited for granting the dispositional departure as supporting a durational departure. But reasons that justify a dispositional departure do not always support a durational departure.

Stokes does not point to an error of law or fact in the district court's decision. Thus, the issue is whether the district court's failure to grant a durational departure was unreasonable. The district court reasoned that probation would preserve Stokes' family and give her a chance to complete drug treatment. As the district court pointed out, it gave Stokes the chance to avoid the potential of 58 months of supervision—between prison time and postrelease supervision—if she could successfully complete just 18 months of probation with community corrections. Stokes fails to show that no reasonable person would agree with the district court's action not to sua sponte grant a durational departure along with the dispositional departure Stokes requested.

Affirmed.