NOT DESIGNATED FOR PUBLICATION

No. 120,095

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAJEED ABDUL SPANTA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed August 7, 2020. Conviction reversed and sentence vacated.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Majeed Abdul Spanta appeals his conviction for criminal threat in violation of K.S.A. 2015 Supp. 21-5415(a)(1). Spanta initially contended the district court erred by denying his motion for a mistrial. While this appeal was pending, however, Spanta asked our court to reverse his conviction based on a newly filed Kansas Supreme Court opinion declaring a portion of the criminal threat statute unconstitutional. See *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020).

1

Upon our review, in accordance with *Boettger*, we reverse Spanta's conviction for criminal threat.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Spanta with criminal threat in violation of K.S.A. 2015 Supp. 21-5415(a) after he allegedly made threats to a Nordstrom's employee on September 24, 2015. The charge arose after Spanta had a verbal dispute with the employee over returning a watch that he said he had received as a gift.

The charging document alleged in the alternative that Spanta did "communicate a threat to commit violence with the intent to place another in fear, or in reckless disregard of the risk of causing such fear in another." At trial, however, the jury was instructed that the State contended "[t]he defendant threatened to commit violence and communicated the threat with reckless disregard of the risk of causing fear in another."

The jury found Spanta guilty of criminal threat as the elements of the crime were set forth in the jury instruction. He was sentenced to 20 months in prison. Spanta filed a timely notice of appeal.

While this appeal was pending but after the filing of briefs by the appellant and appellee, on October 25, 2019, our Supreme Court issued the *Boettger* opinion. This opinion held that the portion of K.S.A. 2018 Supp. 21-5415(a)(1) criminalizing communications made in reckless disregard of the risk of causing fear in another was constitutionally overbroad. 310 Kan. at 822-23.

Shortly after the filing of *Boettger*, Spanta filed a letter of additional authority in accordance with Supreme Court Rule 6.09 (2020 Kan. S. Ct. R. 39). The letter noted the Supreme Court's decision and argued that "this case is pertinent to Mr. Spanta's appeal

2

because Mr. Spanta was found guilty by a jury under the portion of the criminal threat statute that was found unconstitutional in *Boettger*, and therefore, reversal of conviction should also be the result in Mr. Spanta's appeal."

After the issuance of the *Boettger* opinion and receipt of Spanta's letter, our court issued an order directing the parties to file supplemental briefs addressing: "(1) whether the constitutionality of Spanta's criminal threat conviction is properly before our court, and (2) what impact the *Boettger* decision has on Spanta's conviction."

Regarding the first question, the State responded by acknowledging the general rule that when an appellate court decision modifies the law, that change acts prospectively and applies to cases that are pending on direct review or are not yet final. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). The State noted that based on this general rule "changes to the law pronounced in *Boettger* could be applicable to this case." However, the State also noted the general rule that constitutional issues may not be raised for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Although exceptions to the general rule exist, the State asserted that no exception was claimed by Spanta and, as a result, the issue was not properly before our court.

As to the second question posed by our order, the State responded that since the Kansas Supreme Court stayed the mandate in *Boettger* upon the State's filing a notice of intent to file a petition for writ of certiorari with the United States Supreme Court, the *Boettger* decision was not final and not controlling precedent.

Spanta also responded to our order for supplemental briefing. As to the first question we posed, Spanta cited Supreme Court Rule 7.041(b) (2020 Kan. St. Ct. R. 47) which states that "[d]uring the pendency of an appeal, a party may move for summary disposition, citing a controlling appellate decision that is dispositive of the appeal."

3

According to Spanta his supplemental briefing was the "functional equivalent of a motion for summary disposition." Spanta also cited *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019), for the proposition that "a defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending." Finally, Spanta argued that if his "conviction rests upon a statute that has been found unconstitutional, then addressing the matter in his direct appeal from conviction would serve the ends of justice."

Regarding the second question, Spanta argued:

> "The conviction in the instant case is under the same statutory provision as that under scrutiny in *Boettger*. Because the statute under which Boettger and Spanta were convicted has been found to be unconstitutionally overbroad, the result in *Boettger* must also be the result in the instant case and Spanta's conviction and sentence must be reversed."

Following receipt of the supplemental briefing, on December 11, 2019, our court issued an order staying the case pending the filing of a petition for writ of certiorari by the State and a ruling by the United States Supreme Court. On June 22, 2020, the United States Supreme Court denied the State's petition for writ of certiorari.

Four days later, on June 26, 2020, Spanta filed a motion for summary disposition requesting summary reversal of his conviction, the vacating of his sentence, and a remand for dismissal by the district court. On July 17, 2020, Spanta filed a motion to lift the stay previously imposed by our court. The State did not file a response to either Spanta's motion for summary disposition or motion to lift stay. The appeal is now fully briefed and ready for our review.

ANALYSIS

At the outset, we consider whether it is appropriate for our court to review this constitutional issue given that Spanta first raised it on appeal. As a general proposition, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). As acknowledged by the State, however, there are several exceptions to this general rule, including (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; and (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Regarding the first exception, in Spanta's supplemental brief he argued that our consideration of the *Boettger* decision would be dispositive of the appeal. We agree. It is an understatement to observe that a criminal conviction based on an unconstitutional statute will result in a reversal of that conviction. As to the second exception, Spanta urged our consideration of this issue because it would serve the ends of justice. Here again, it is apparent that our consideration of whether Spanta was convicted of a crime found to be unconstitutional necessarily implicates the ends of justice. In summary, we are convinced that Spanta has shown two valid exceptions to the general rule precluding our review of a constitutional issue not brought before the district court. We will consider the merits.

At the conclusion of trial, the jury found Spanta guilty of threatening to commit violence and communicating the threat with reckless disregard of the risk of causing fear in another. This conviction was predicated on a portion of K.S.A. 2015 Supp. 21-5415(a)(1) that prohibited communicating a threat to commit violence in reckless disregard of the risk of causing fear in another.

In *Boettger*, our Supreme Court reviewed the reckless disregard aspect of the criminal threat statute and concluded: "The portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear is unconstitutionally overbroad because it punishes conduct that may be constitutionally protected under some circumstances." *Boettger*, 310 Kan. 800, Syl. ¶ 3. In particular, the Supreme Court found this provision "potentially criminalizes speech protected under the First Amendment." 310 Kan. at 822. Accordingly, our Supreme Court reversed Boettger's conviction for reckless criminal threat and vacated his sentence. 310 Kan. at 823.

*Boettger* is dispositive of this appeal. Spanta was convicted under a portion of K.S.A. 2015 Supp. 21-5415(a)(1) that has since been declared unconstitutional while this appeal was pending. Accordingly, we are required to reverse the conviction and vacate the sentence.

Conviction reversed and sentence vacated.