IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 107,963

STATE OF KANSAS,
*Appellee*,

v.

JERMAINE DANIEL,
*Appellant.*

SYLLABUS BY THE COURT

Generally, constitutional claims cannot be raised for the first time on appeal. Although exceptions to this general rule exist, parties seeking to raise an issue for the first time on appeal must assert the exceptions.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 26, 2013. Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed February 16, 2018. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district is affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Jermaine Daniel pled no contest to attempted kidnapping and domestic battery. He committed these crimes on April 21, 2011. When the district court sentenced Daniel 8 months later, the court informed Daniel that he was required to

1

register as a violent offender pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.* The State argued that a recent amendment to KORA that went into effect on July 1, 2011, required him to register as a violent offender for his lifetime. See K.S.A. 2011 Supp. 22-4906(d)(9) and (d)(12). Daniel's counsel conceded that he was required to register but argued that the registration period should be for 10 years rather than the remainder of Daniel's life. The court declined to decide the matter at sentencing and asked the parties to brief the issue. The court then sentenced Daniel to an underlying prison term of 36 months and placed him on probation for 36 months.

The State later submitted a brief in which it argued that the 2011 amendments to KORA applied retroactively to Daniel. Curiously, Daniel's counsel agreed. In his brief, Daniel acknowledged that registration "is not considered punishment. Therefore, a retroactive application does not violate the Ex Post Facto Clause of the Constitution. [Citation omitted.]" Thereafter, the court held a brief hearing, at which Daniel was not present. Daniel's counsel told the court:

> "[U]nfortunately, my brief was consistent with the [S]tate according to the *Evans* case and how the law's been applied concerning sexual offender registration. It is retroactive, and it is my legal belief my client is obligated to register for the lifetime due to the change that took place July 1st of 2011. However, obviously, if he chooses to appeal this for the unconstitutionality of the law at this time, then, that's his option. But as far as from a legal standpoint, I don't believe I'm able to ask this Court to make a decision contrary to what I believe the law is, and what I believe is clear. And so, that said, Judge, I believe this Court should order my client to register for the duration of his life."

Consequently, Daniel was required to register as a violent offender for life based on the attempted kidnapping conviction. Daniel appealed.

2

After receiving new counsel on appeal, Daniel reversed his position and argued that retroactive application of KORA's lifetime registration requirement violates the Ex Post Facto Clause and that the 10-year registration requirement should apply to him. Alternatively, Daniel claimed that, according to *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996), the public notification portion of KORA violates the Ex Post Facto Clause, so he must publicly register for only 10 years.

The Court of Appeals dispensed with the case without reaching the merits of Daniel's claims. It first held that Daniel invited error regarding his ex post facto claim when he conceded that registration was not punishment. *State v. Daniel*, No. 107,963, 2013 WL 3867381, *2-3 (Kan. App. 2013) (unpublished opinion). The court then determined that Daniel did not properly preserve his argument that he should only be required to register publicly for 10 years. 2013 WL 3867381, at *3. We granted his petition for review.

Daniel contends that the Court of Appeals erred by jettisoning his claims on procedural grounds. Whether the doctrine of invited error applies is a question of law subject to unlimited review. *State v. Hankins*, 304 Kan. 226, 230, 372 P.3d 1124 (2016). Likewise, we exercise plenary review over whether an issue is properly preserved for appellate review. See *State v. Jones*, 298 Kan. 324, 330, 311 P.3d 1125 (2013).

Generally, constitutional claims cannot be raised for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). "Although exceptions to this general rule exist, parties seeking to raise an issue for the first time on appeal must assert the exceptions." *State v. Beltz*, 305 Kan. 773, 776, 388 P.3d 93 (2017); see Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). Rather than discuss one of these exceptions, Daniel simply states that a party cannot stipulate to an incorrect application of

3

the law. In *Godfrey* and *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), we warned litigants that we would strictly enforce Rule 6.02(a)(5). And although Daniel submitted his petition for review prior to these cases, "[t]he rule, of course, predates *Williams* and has been previously invoked when a party fails to explain why an unpreserved issue should be reviewed for the first time on appeal." *Godfrey*, 301 Kan. at 1044. Daniel's failure to explain why an exception applies is fatal to his appeal.

We affirm the Court of Appeals' decision exclusively on the ground that Daniel's claim was not preserved for appeal. See *Bogguess v. State*, 306 Kan. 574, 583-84, 395 P.3d 447 (2017) (affirming the Court of Appeals' decision on only one of the panel's stated grounds). And because we view Daniel's assertion that he should only be required to register publicly for 10 years as part and parcel of his initial claim, it is unpreserved for the same reason.

Affirmed.

JOHNSON, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 107,963 vice Justice Johnson under the authority vested in the Supreme Court by K.S.A. 20-2616.