NOT DESIGNATED FOR PUBLICATION

No. 120,336

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of T.T.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; ROBERT J. BEDNAR, judge. Opinion filed April 26, 2019. Affirmed.

*John J. Bryant*, of Bryant Law Office, of Leavenworth, for appellant.

*Megan Williams*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

PER CURIAM: T.T. appeals the district court's order adjudicating him a juvenile offender who committed criminal restraint and who aided and abetted aggravated criminal sodomy. T.T. claims the district court committed reversible error by (1) failing to personally inquire whether T.T. wanted to waive his right to a jury trial; (2) refusing to allow him to present an alibi witness; and (3) refusing to allow him to ask the victim about his other sexual experiences to try to establish a motive for the victim's testimony.

This case illustrates the importance of making a record and preserving issues at the trial court for appeal. As we will explain in this opinion, T.T. has failed to preserve his issues for our review in this appeal. As a result, we affirm the district court's judgment without reaching the merits of T.T.'s claims on appeal.

1

On January 23, 2017, Officer Cody Kear of the Leavenworth Police Department met with 11-year-old B.M. and his mother, who wished to report an assault. B.M. told Kear that before the start of the school year the previous year, he was playing hide-and-seek when his neighbors T.T. and J.T.—brothers who B.M. estimated were 14 and 15 years old respectively—grabbed him. The record does not reflect T.T.'s precise birthdate, but it shows that he was born in 2002. B.M. said that T.T. held him down while J.T. pulled down B.M.'s pants, pulled down his own pants, and penetrated B.M.

Detective Heather Vogel, also of the Leavenworth Police Department, arranged for B.M. to participate in a forensic interview at the Child Advocacy Center. Forensic interviewer Chelsea Malcom conducted the interview, and Vogel watched from the next room by closed-circuit television. During the interview, B.M. again stated that he had been playing hide-and-seek with other neighborhood kids when T.T. restrained him and J.T. penetrated B.M. B.M. stated that he thought the events happened "a few days" before his birthday in June 2016.

On March 15, 2017, Vogel interviewed T.T. at the police department. T.T. acknowledged knowing B.M. but denied all of B.M.'s accusations and stated that he did not know why anyone would accuse him of such acts.

On May 10, 2017, the State filed a complaint in juvenile court against T.T., alleging that he committed acts which, if he were an adult, would constitute one count of aiding and abetting aggravated criminal sodomy, a severity level 1 person felony, and one count of misdemeanor criminal restraint. The complaint alleged that the offenses occurred "between the 1st day of June, 2016 and the 1st day of August 2016, in Leavenworth County, Kansas." The district court appointed counsel to represent T.T. T.T. appeared in person and with counsel at his first appearance hearing, and the entry of

a plea was continued at T.T.'s request. The district court granted six additional continuances, which were at T.T.'s request.

On January 17, 2018, the State filed its first amended complaint, narrowing the timeframe in which T.T. allegedly committed the offenses to the month of June 2016. At a status conference hearing on April 17, 2018, T.T. pled not guilty to the amended charges. The district court scheduled a bench trial on August 20, 2018, which it later rescheduled to August 21, 2018. The record does not reflect that T.T. ever requested a jury trial under the provisions of K.S.A. 2018 Supp. 38-2357(a)(1).

On the day of the bench trial, T.T.'s counsel informed the district court that at 4 p.m. the previous day, T.T. brought an alibi witness into his office. T.T.'s counsel did not give the court the name of the alibi witness. Counsel also did not explain how T.T. was providing an alibi witness when the timeframe for the charges covered the entire month of June 2016. In any event, the State objected to the witness testifying because the defense had not complied with the notice requirements for alibi witnesses.

After questioning T.T.'s counsel about his contact with T.T. and his knowledge of the alibi witness, the district court ruled that T.T. could not present the witness. The written journal entry clarified that the court based its ruling on three findings: (1) the trial date had been set since April 17, 2018; (2) T.T. had communicated with his counsel between May 2018 and the trial date, yet he "made no mention to his attorney of an alibi witness" until 4 p.m. the day before trial; and (3) the State did not have adequate time to prepare for the witness because T.T. did not give the State the statutorily required notice.

At trial, the State presented testimony from Kear, Vogel, Malcom, and B.M. B.M. testified that in June 2016, while he was playing hide-and-seek, T.T. restrained him while J.T. pulled down his own pants and underwear, pulled down B.M.'s pants and underwear, and penetrated B.M. B.M. testified that he did not tell anyone that this had happened until

3

he eventually told his stepfather during a conversation about puberty. The State also admitted into evidence and published the body camera footage from Kear's interview with B.M. and his mother, photographs taken of the alleged location of the crimes, and a recording of B.M.'s forensic interview.

T.T. was the sole witness for the defense. He stated that on the day in question he was playing video games with J.T. and a friend. T.T. testified that he had never been involved in events like those B.M. described and, to his knowledge, neither had J.T. After closing arguments, the district court took the matter under advisement.

At a hearing on September 4, 2018, the district court found that the State had proved beyond a reasonable doubt that T.T. had committed the acts that would have constituted criminal restraint and aiding and abetting aggravated criminal sodomy if he had been an adult. Thus, the district court adjudicated T.T. as a juvenile offender.

On October 9, 2018, the district court ordered that T.T. "be incarcerated in a Juvenile Correctional Facility as a Violent Offender II until the age of 22 [and one-half] years, followed by an aftercare term to the age of 23 years." The district court also ordered T.T. to submit to lifetime offender registration. The district court later issued a nunc pro tunc order amending the journal entry to reflect its finding that T.T. posed a significant risk of harm to another, as required for the district court to sentence T.T. to the Youth Correctional facility. T.T. timely appealed the district court's judgment.

JURY TRIAL WAIVER

T.T. first claims the district court "erred when it failed to personally inquire of T.T. whether he waived his right to a jury trial." To support this claim, T.T. points to Kansas cases establishing that in an adult criminal prosecution, the accused has a fundamental right to a jury trial granted by the Constitution and by statute. In order to

4

waive this right, the accused must first be advised by the court of the right to a jury trial and then must personally waive this right, either in writing or in open court on the record. T.T. argues that the same rules of jurisprudence that apply to an adult criminal prosecution also apply to proceedings under the juvenile justice code.

The State responds that the issue is not properly preserved for appeal because it was not raised in district court and, alternatively, that the claim fails on its merits. In particular, the State points to K.S.A. 2018 Supp. 38-2357(a)(1) that provides that the "trial of a felony or misdemeanor case shall be to the court unless the juvenile requests a jury trial in writing within 30 days from the date of the juvenile's entry of a plea of not guilty." The State points out that T.T. did not comply with this statute, and, as such, the State argues that T.T. did not invoke his right to a jury trial.

We will first address the State's assertion that T.T. has failed to preserve this issue for appeal. As the State points out, T.T. did not raise this issue in the district court. Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal as being right, but for different reasons given by the district court. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Our Supreme Court has adopted a comprehensive set of rules governing appellate practice in Kansas. Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 35) states in part:

"Each issue [in the appellant's brief] must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court."

Since 2014, the Kansas Supreme Court has been clear that Kansas appellate courts strictly enforce Rule 6.02(a)(5) providing that a party must "explain why" an issue should be considered for the first time on appeal. See *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). In *Williams*, our Supreme Court made an exception and addressed the defendant's constitutional claim for the first time on appeal, noting that the court had failed to strictly enforce Rule 6.02(a)(5) in the past. But our Supreme Court left future litigants with this warning:

"But we are unwilling to ignore the rule's plain language. Future litigants should consider this a warning and comply with Rule 6.02(a)(5) by explaining why an issue is properly before the court if it was not raised below—or risk a ruling that an issue improperly briefed will be deemed waived or abandoned." 298 Kan. at 1085.

T.T. neither acknowledges that he did not raise his claim below, nor does he assert any exception to the general rule that constitutional issues may not be raised for the first time on appeal. He makes no attempt in his brief to explain why we should address his constitutional claim for the first time on appeal. As a result, the issue is improperly briefed and is deemed abandoned. Because T.T. makes no attempt to comply with the provisions of Rule 6.02(a)(5), and in accordance with our Supreme Court's directive to strictly enforce the rule, we decline to address his claim for the first time on appeal.

ALIBI WITNESS

Next, T.T. claims the district court erred by refusing to allow him to present an alibi witness. Generally, the exclusion of alibi testimony because of noncompliance with the statutory notice requirements is within the district court's sound discretion. *State v.*

6

*Claiborne*, 262 Kan. 416, Syl. ¶ 3, 940 P.2d 27 (1997). The State points out again, however, that T.T. has failed to preserve this issue for appeal because he did not proffer the proposed testimony of the witness.

Under K.S.A. 2018 Supp. 38-2354, the rules of evidence of the code of civil procedure shall apply in all adjudication hearings under the Revised Kansas Juvenile Justice Code. The rules of evidence include K.S.A. 60-405, which states:

> "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous exclusion of evidence unless it appears of record that the proponent of the evidence either made known the substance of the evidence in a form and by a method approved by the judge, or indicated the substance of the expected evidence by questions indicating the desired answers."

There is a good reason for this rule. When evidence is excluded by the district court, an appellate court cannot possibly apply its standard of review to determine if the district court erred without a proffer in the record explaining the substance of the evidence that was excluded by the district court. Similarly, the appellate court cannot assess whether any error committed by the district court in excluding evidence was harmless or requires reversal of the district court's judgment, without knowing the substance of the evidence that the district court excluded.

T.T. claims on appeal that the district court erred by refusing to allow him to present an alibi witness. K.S.A. 2018 Supp. 38-2329 requires a juvenile to give written notice of a proposed alibi defense at least 14 days before an adjudicatory hearing. The notice must include the name and address of any witness the juvenile plans to call to provide evidence in support of the defense. As set forth above, T.T.'s counsel informed the district court at the adjudication hearing that T.T. had brought in an alibi witness the prior day at 4 p.m. The State objected to the witness testifying, and the district court ruled that the witness could not testify. At no point did T.T. advise the district court of the

7

substance of the alibi witness' intended testimony as required by K.S.A. 60-405. In fact, T.T. has never identified the name of the alibi witness in district court or on appeal.

On appeal, T.T. contends that the district court erred by denying him the opportunity to present his witness without first considering the factors set forth in *State v. Bright*, 229 Kan. 185, 194, 623 P.2d 917 (1981). Initially, we note that our court has held that the factors enumerated in *Bright* do not apply in the first place when a party has failed to give the statutorily required notice of an alibi witness. See *State v. Gibson*, 30 Kan. App. 2d 937, 952, 52 P.3d 339 (2002). More importantly, however, the *Bright* factors include whether the witness' proposed testimony is trivial or substantial, and also the importance of the witness to the defense. 229 Kan. at 194. Without a proffer of the substance of the testimony of T.T.'s proposed alibi witness as required by K.S.A. 60-405, we cannot determine on appeal whether the district court abused its discretion by denying the witness. As a result, T.T. has failed to preserve this issue for appeal.

LIMITATION ON CROSS-EXAMINATION OF B.M.

Finally, T.T. claims the district court erred by refusing to allow him to ask B.M. about his other sexual experiences to try to establish a motive for B.M.'s testimony. Again, the State asserts that T.T. has not preserved this issue for appeal because he failed to proffer the substance of the excluded testimony.

T.T. cites a portion of B.M.'s testimony during which defense counsel asked, "Have you had—been involved in any other sex activities before this?" The State objected to the question as irrelevant, and defense counsel asked, "After this?" The State again objected on relevance grounds, and the district court judge said, "It's irrelevant." Defense counsel replied, "Thank you, Judge. No further questions."

T.T. now asserts that the purpose of that line of questions was to show that B.M. made false allegations against T.T. to deflect attention from the allegations that B.M. himself had "committed a sex offense against a third party." First of all, there is no evidence anywhere in the record on appeal to support T.T.'s contention that there were any allegations that B.M. had committed a sex offense against a third party. In any event, under K.S.A. 60-405, T.T.'s failure to proffer to the district court the substance of the anticipated answers from B.M. is fatal to his appellate arguments on this point. We cannot possibly determine whether the district court erred by excluding T.T.'s line of questioning, or what effect any error may have had on the outcome of the trial, without knowing the substance of the expected testimony T.T. was trying to elicit from B.M. about his involvement in other sexual activities. Once again, T.T. has failed to preserve this issue for appeal and we will not attempt to address the merits of T.T.'s claim.

Affirmed.