NOT DESIGNATED FOR PUBLICATION

No. 124,701

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of E.R.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY D. KEITH, judge. Opinion filed July 22, 2022. Appeal dismissed.

*Jordan E. Kieffer*, of Jordan Kieffer, P.A., of Bel Aire, for appellant.

*Lance J. Gillett*, assistant district attorney, and *Marc Bennett*, district attorney, for appellee.

Before HURST, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: While a minor, E.R. pled no contest to several serious crimes stemming from two separate cases and was given both an adult and juvenile sentence pursuant to the Extended Juvenile Jurisdiction Prosecutions (EJJP) statute. In accordance with the EJJP, the district court stayed E.R.'s substantial adult sentences so long as he complied with the terms of his juvenile sentence. After a night out that resulted in apparent violations of the conditions of his juvenile sentence, upon a motion by the State the district court found that E.R. had violated the terms and conditions of his juvenile release and imposed his adult sentences. E.R. appeals, arguing simply that the EJJP sentencing statute—K.S.A. 2020 Supp. 38-2364—is unconstitutional. However, E.R. failed to preserve his claim below and failed to properly brief his argument on appeal— thus his claims are abandoned and his appeal is dismissed.

1

FACTUAL AND PROCEDURAL BACKGROUND

The State charged E.R. with two counts of aggravated robbery and one count of attempted second-degree murder in case 18 JV 1046 for actions that occurred on December 28, 2018, when E.R. was 17 years old. The State also charged E.R. with possession of cocaine and criminal possession of a weapon by a convicted felon for actions that occurred on January 5, 2019, when E.R. was still 17 years old. The State moved to prosecute E.R. as an adult in both cases.

Rather than proceed against E.R. as an adult in each case, E.R. entered into a plea agreement with the State in which he pled nolo contendere to one count of aggravated robbery and one count of attempted second-degree murder in 18 JV 1046, and to one count of criminal possession of a weapon by a convicted felon in 19 JV 878. In exchange, the State agreed to dismiss the remaining charges and withdraw its motion for adult prosecution, but to designate E.R.'s cases as EJJP. The State agreed to recommend a 24-month juvenile sentence and the "High Number in the appropriate box" for E.R.'s underlying adult sentence in both cases. E.R. agreed to have no contact with his codefendants and to follow "supplemental gang conditions" while on aftercare/postrelease.

The district court accepted the terms of the plea agreement and sentenced E.R. in both cases on December 15, 2020. The EJJP designation required the district court to impose both a juvenile and an adult sentence. See K.S.A. 2020 Supp. 38-2364(a). In case 18 JV 1046, the district court sentenced E.R. to be committed to a juvenile correctional facility until E.R. was 22 years and 6 months old, with aftercare until he was 23 for his juvenile sentence, and to 92 months in prison for the aggravated robbery and a concurrent 61 months for the attempted second-degree murder for his adult sentence. In case 19 JV 878, the court imposed a juvenile sentence of 15 months but placed E.R. on "intensive supervision probation" for one year, and imposed an adult sentence of 20 months in

2

prison for the criminal possession of a weapon charge, to run consecutive to E.R.'s sentence in 18 JV 1046. However, pursuant to the EJJP designation, the district court stayed each of E.R.'s adult sentences "so long as [E.R.] does not violate the provisions of the juvenile sentence or does not commit a new offense."

E.R. was conditionally released from juvenile custody to aftercare on January 20, 2021. On August 23, 2021, E.R. filed a motion for authorization to move out of state to live with his girlfriend in Arizona, as they were expecting a child. But before that motion could be heard, E.R.'s intensive supervision officer (ISO) filed a motion for modification/revocation of E.R.'s conditional release in both of his cases. The ISO's motion alleged E.R. violated the conditions of his release in that E.R. had a positive marijuana urine test; a gun was found in close proximity to E.R. during a traffic stop in July 2021; E.R. was out past his 6 p.m. curfew; and E.R. was in a car with another documented gang member in violation of his supplemental gang conditions of probation.

The State filed a motion in 18 JV 1046 to revoke E.R.'s juvenile sentence and impose his adult sentence, alleging the same violations asserted in the ISO's motion and a new violation of criminal possession of a weapon by a convicted felon related to the July 17, 2021 traffic stop. At the hearing on the State's motions to revoke, Wichita Police Department Detective Kevin McKenna testified regarding E.R.'s new charges for criminal possession of a weapon stemming from a traffic stop on July 17, 2021, at 2:43 a.m., where E.R. was a passenger in the car that Detective McKenna said was driven by an active gang member. However, Detective McKenna testified that he had no information indicating E.R. knew that the driver was identified by police as an active gang member. He also testified that there were firearms found during the car stop but did not provide evidence of their location or their proximity to E.R. in the car.

ISO William Warren testified to the conditions of E.R.'s conditional release— which included a 6 p.m. curfew, abstaining from drugs and alcohol, and prohibitions

about associating with gang members—and E.R.'s violations of these conditions. Warren testified that he administered a urine test for E.R. and that E.R. had admitted to him that he smoked marijuana. ISO Warren testified that E.R. was out past curfew when he was involved in the car stop on July 17, and that a gun and alcohol were found in the car. ISO Warren said he spoke to E.R. after the car stop and E.R. admitted to being out after curfew but said that he was just getting a ride and did not know the person driving the car very well. Finally, ISO Warren testified that E.R. had been "substantially compliant" with his conditional release and that he would not have filed a motion to revoke E.R.'s conditional release but for the gun that was found during the car stop. He testified that he would take E.R. back into the program if he was not convicted of the new criminal possession of a weapon charge.

After hearing the parties' arguments, the district court found that the State met its burden to show E.R. violated his conditional release by a preponderance of the evidence. The court noted that it could not find E.R. committed a new offense, because he had been charged but there had yet to be a preliminary hearing in his 21 CR 1817 case. The court also found that it "would have a difficult time finding" E.R. violated his gang conditions without more evidence than E.R. "just getting a ride." However, it found the State proved E.R. violated his conditional release from only the acts of submitting a positive drug test and being out past curfew. The district court then found:

> "By statute and case law, the Court at this point has no choice, upon making the finding that [E.R.] violated his juvenile sentence, but to impose the adult sentence. That is what is prescribed. I have no discretion. Once the State has presented the evidence and I have found that he is in violation of his conditional release, as I read the statute and case law, I have no discretion, I have to impose the juvenile sentence, and, therefore, the Court will do so."

After a recess, the court came back on the record to acknowledge it misspoke and meant to say it was imposing E.R.'s adult sentence that had previously been stayed. However,

4

neither the record nor the journal entry reveal what statute or caselaw the district court was referring to or relying upon when it made its findings at the hearing or its ultimate decision.

E.R. was remanded to Kansas Department of Corrections' custody to serve the remainder of his 92-month sentence in 18 JV 1046 and the consecutive 20-month sentence in 19 JV 878. E.R. appealed and his cases were consolidated for appeal.

DISCUSSION

On appeal E.R. raises only one argument—that the EJJP statute governing sentencing when a defendant violates their juvenile sentence or commits a new offense is unconstitutional because it "strips the district court of its ability to exercise discretion at sentencing." Under K.S.A. 2018 Supp. 38-2364, a district court instituting an EJJP sentence must impose both a juvenile and adult sentence, but the adult sentence "shall be stayed on the condition that the juvenile offender substantially comply with the provisions of the juvenile sentence and not commit a new offense." K.S.A. 2018 Supp. 38-2364(a)(2). But, if after a hearing the district court determines by a preponderance of the evidence that the juvenile offender committed a new offense or violated one or more conditions of their sentence, "the court *shall* revoke the juvenile sentence and order the imposition of the adult sentence previously ordered pursuant to subsection (a)(2) . . . ." (Emphasis added.) K.S.A. 2018 Supp. 38-2364(b).

E.R. argues that the statutory provision requiring the imposition of his entire adult sentence violates the prohibitions against cruel and unusual punishment in the Kansas Constitution and the Eighth Amendment to the United States Constitution because it creates a "disproportionate" punishment and is "categorically unfair." The State asserts that E.R.'s claim is not properly before this court because it was not preserved below and was abandoned on appeal.

This court exercises unlimited review over questions of whether a statute violates the Kansas or United States Constitutions. In this review, an appellate court first presumes the statute is constitutional and must resolve all doubts in favor of a statute's validity. This requires the court to interpret a statute "'in a manner that renders it constitutional if there is any reasonable construction that will maintain the legislature's apparent intent.'" *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018). E.R. bears the substantial burden of overcoming this presumption to demonstrate the statute is unconstitutional. See 307 Kan. at 579.

Before addressing the merits of E.R.'s constitutional claim, this court must first determine if E.R. preserved this issue for appeal. Generally, this court does not review constitutional grounds for reversal for the first time on appeal. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). As with most general legal principles, exceptions abound permitting this court to exercise such a review when: (1) the new claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case, (2) consideration of the claim is necessary to serve the ends of justice or prevent the denial of fundamental rights, or (3) the district court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 331 P.3d 1036 (2019). E.R. concedes he did not raise his constitutional challenge below but argues that this court should reach the merits of his claim because it falls within an applicable exception. E.R. spends no time briefing an explanation of his failure to raise this issue to the district court, or how or why the argument on appeal meets any of the exceptions permitting this court's review.

Additionally, E.R. does not explain the type of Eighth Amendment claim being brought or distinguish between his state and federal constitutional claims. Not all arguments alleging cruel and unusual punishment are the same, and this court's analysis depends on whether E.R. is raising such a challenge under section 9 of the Kansas Constitution's Bill of Rights, the case-specific Eighth Amendment framework, or the categorical Eighth Amendment framework. See *Graham v. Florida*, 560 U.S. 48, 59-60,

6

130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (explaining the two types of Eighth Amendment constitutional challenges); *State v. Dull*, 302 Kan. 32, 38-39, 351 P.3d 641 (2015) (constitutionality challenges under section 9 of the Bill of Rights to the Kansas Constitution require a legal and factual three-part analysis that generally cannot be raised for the first time on appeal because of the factual inquiries involved). This court lacks a factual record to evaluate a section 9 challenge because E.R. did not raise this claim below, and thus this court cannot reach such a challenge on appeal. See *In re J.S.P.*, No. 118,790, 2020 WL 4376942, at *9 (Kan. App.) (unpublished opinion), *rev. denied* 312 Kan. 892 (2020).

Additionally, this court recognizes two types of Eighth Amendment constitutional claims—challenges to the length of a defendant's sentence under the circumstances, often called case-specific challenges, and challenges asserting that a particular punishment is disproportionate for an entire class of offenders, often called categorical proportionality challenges. See *Graham*, 560 U.S. at 59-60. It is unclear from E.R.'s brief what type of challenge he is asserting. If E.R. is asserting a case-specific challenge, his failure to raise the argument below precludes this court's review for the same reasons this court cannot reach E.R.'s section 9 challenge. See, e.g., *Graham*, 560 U.S. at 59-60; *State v. Reed*, 300 Kan. 494, 514, 332 P.3d 172 (2014); *In re J.S.P.*, 2020 WL 4376942, at *9. However, if E.R. is asserting a categorical proportionality challenge, his failure to raise the argument below would not necessarily preclude this court's review. Categorical challenges generally only raise questions of law. See *Dull*, 302 Kan. at 39; *State v. Gomez*, 290 Kan. 858, 866, 235 P.3d 1203 (2010).

But even if this court were to give E.R. every benefit of the available assumptions and frame his Eighth Amendment claim as a categorical proportionality challenge permitted to be reached under one of the accepted exceptions, E.R. has failed to do more than superficially raise the issue in his brief. On appeal, a party "must present an argument and support that argument with pertinent authority or show why the argument

is sound despite a lack of supporting authority or in the face of contrary authority." *Gomez*, 290 Kan. at 866. Failure to present pertinent authority and argument is a failure to brief the issue, and this court deems those nonbriefed issues abandoned. See *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018); *Gomez*, 290 Kan. at 866.

E.R.'s argument is less than a page long and does not cite to any caselaw or authority supporting his assertion that K.S.A. 38-2364 violates the Kansas or United States Constitutions. E.R. merely concludes that the imposed punishment is "disproportionate and such an application is categorically unfair and should therefore be considered a violation of both the 8th Amendment to the U.S. Constitution and Kansas Constitution's Bill of Rights' prohibitions against 'cruel and unusual punishment'. U.S.C.A. Const. Amend. 8; K.S.A. Const. Bill of Rights, § 9." Although E.R. uses the word "categorically," he does not even attempt to address the analysis required of this court in reviewing a categorical proportionality Eighth Amendment challenge. See *Gomez*, 290 Kan. at 866 ("To preserve an issue for appellate review, a party must do more than incidentally raise the issue in an appellate brief."). Moreover, E.R. points to the specific facts of his case—including the relatively minor nature of his violations and the district court's reluctance to impose such an inordinate sentence—that leaves this court to wonder if he intends to assert a case-specific challenge. E.R.'s failure to assert more than a conclusory argument leaves this court with no ability to analyze and weigh the merits of any of the multiple claims he could bring. See *In re A.D.T.*, 306 Kan. 545, 553, 394 P.3d 1170 (2017) (finding defendant abandoned his constitutional challenge to K.S.A. 2015 Supp. 38-2463[b] because he made only "a cursory mention of constitutional rights" and failed to "present an argument as to how or why any provision of [the statute] is unconstitutional").

CONCLUSION

E.R. failed to preserve his constitutional claims for review and compounded that omission by failing to argue for an exception permitting review or assert any actual supported argument on appeal. Although this court puts forth considerable efforts in its attempt to understand the parties' views on appeal, it cannot read minds to manifest whole cloth arguments for its analysis.

Appeal dismissed.