NOT DESIGNATED FOR PUBLICATION

No. 124,590

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROGER A. COLLINS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; RODGER L. WOODS, judge. Opinion filed August 5, 2022. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Roger Collins appeals the district court's decision to impose the guideline sentence instead of granting a durational departure following his guilty plea to felony fleeing or attempting to elude an officer. We granted Collins' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). We find, after reviewing the motion, response, and record, that Collins did not ask for a durational departure before the district court. Because Collins fails to explain why we should consider his argument for the first time on appeal, we will decline the invitation. Appeal dismissed.

FACTUAL AND PROCEDURAL HISTORY

Collins pleaded guilty to one count of felony fleeing or attempting to elude an officer. In exchange for his plea, the State agreed to recommend a dispositional departure to probation. In accord with the agreement, the district court granted Collins' dispositional departure motion and imposed a presumptive prison sentence of 17 months, but suspended the sentence in favor of 12 months of probation. Collins did not request a durational departure.

On appeal, Collins argues that the district court abused its discretion by failing to sua sponte grant a downward durational departure along with the granted dispositional departure. In response, the State argues that Collins did not properly preserve this allegation of error for appellate review and that the district court did not abuse its discretion.

ANALYSIS

In general, parties may not raise an issue on appeal when they did not raise the issue in the district court. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). There are several exceptions to this general rule, but litigants are required to explain why the issue is properly raised for the first time on appeal. 309 Kan. at 995; see Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court."). Furthermore, the Kansas Supreme Court has repeatedly warned that Rule 6.02(a)(5) would be strictly enforced, and litigants who violate this rule risk a ruling that the issue will be considered waived or abandoned. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

As the State points out, Collins raises this issue for the first time on appeal, and Collins' motion for summary disposition lacks any explanation of why his argument

about a durational departure is properly raised for the first time on appeal. Likewise, after reviewing the record in the case, we cannot discern any basis for Collins failure to raise this issue at sentencing. For that reason, we dismiss Collins' appeal.

Appeal dismissed.