NOT DESIGNATED FOR PUBLICATION

No. 126,404

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARVIN L. GRAY JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY GOERING, judge. Submitted without oral argument. Opinion filed October 11, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Marvin L. Gray Jr.*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM: Marvin L. Gray Jr. timely appeals from the district court's denial of his K.S.A. 60-1507 motion, asserting, for the first time on appeal, his motion should have been construed as a motion for new trial under K.S.A. 22-3501(1). In his pro se supplemental brief, Gray advances several additional arguments, all of which he did not raise below. We decline to address Gray's claims for the first time on appeal. Thus, we affirm.

1

The full factual and procedural background of the underlying criminal case was set forth by our Supreme Court in Gray's direct appeal and need not be repeated in great detail. *State v. Gray*, 311 Kan. 164, 164-69, 459 P.3d 165 (2020). Relevant to this appeal, the trial evidence reflected the victim, C.R., was raped and murdered on June 24, 2015. Investigating officers discovered a broken window in C.R.'s apartment; forensic testing showed Gray's fingerprints were on the window and Gray's blood was on the window's blinds. C.R. was found dead in a bathtub lying in what appeared to be a mixture of blood and water. It was later determined she had been stabbed 37 times and her body showed signs of asphyxiation. Forensic testing showed Gray's blood and DNA were present in the bathroom and various other places in the apartment. Gray's semen was found on a pair of underwear in one of the bedrooms as well as a vaginal swab taken from C.R. Gray initially denied being in C.R.'s apartment when questioned by law enforcement but later admitted he was there, claiming they engaged in consensual sex.

The State charged Gray with first-degree murder, rape, aggravated criminal sodomy, and aggravated burglary. The State filed a pretrial motion to admit evidence of three prior attempted or completed rapes by Gray under K.S.A. 2014 Supp. 60-455. The district court only allowed the State to present evidence of a 2013 rape. At trial, B.A. testified Gray strangled and raped her. A jury convicted Gray of first-degree murder, rape, and aggravated robbery. Gray was sentenced to lifetime imprisonment with a mandatory minimum term of 50 years, with a consecutive sentence of 301 months' imprisonment. Our Supreme Court rejected Gray's arguments on direct appeal—including improper admission of K.S.A. 60-455 evidence—and affirmed his convictions and sentences. *Gray*, 311 Kan. at 164, 175. The mandate was issued on April 20, 2020.

In January 2021, Gray filed a pro se K.S.A. 60-1507 motion containing 13 claims, many of which overlapped. In general, his claims centered around (1) ineffective

assistance of trial counsel, (2) jury instruction error, (3) prosecutorial error, and (4) ineffective assistance of appellate counsel. The district court summarily denied his motion, finding Gray failed to set forth any valid factual or legal basis for relief on any of the claims. Gray filed a motion to reconsider, alleging, for the first time, he was actually innocent. The district court held a hearing wherein Gray produced copies of text messages between various individuals regarding a jailhouse conversation in which one of the individuals, Taneill Bogan, allegedly stated the father of her child, Kenyada Conway, told her he had killed C.R. The district court declined to reconsider its earlier ruling on the claims in Gray's K.S.A. 60-1507 motion. However, the district court allowed Gray to pursue a claim based on actual innocence.

In February 2022, the district court heard evidence in relation to Gray's actual innocence claim in two separate hearings. Gray called Daonna Owens as a witness. Owens testified she did not know Gray but recalled overhearing a jailhouse conversation between several female inmates more than two years prior. In this conversation, Owens heard Bogan tell some of the other women that Conway admitted to killing C.R. Owens was not a participant in the conversation and only knew one of the other women involved—Zaverona Adams.

Next, Gray called Bogan, who testified Conway was the father of her child, but Conway passed away in December 2021. Bogan stated she did not know Adams or Owens and expressly denied having any jailhouse conversation about C.R.'s death or any conversation with Conway in which he admitted to the crime.

Gray testified he did not kill C.R. He stated he learned of the jailhouse conversation when Adams sent him screenshots of text messages between herself and other individuals. Gray testified he had known Conway since childhood and claimed C.R.'s sister introduced Conway to C.R. a few months prior to her death.

3

In rebuttal, the original detective who investigated C.R.'s murder, Wichita Police Captain Christian Cory, testified he interviewed Conway and Gray after C.R.'s murder and Gray himself stated Conway had nothing to do with it. Cory said Conway was ruled out as a suspect or person of interest because no evidence tied him to the scene of the crime during the relevant time frame.

The district court took the matter under advisement and later issued a written ruling denying Gray's motion. The district court assumed, without deciding, the evidence of Conway's alleged confession could be admitted upon retrial. However, the district court found the newly discovered evidence would not have made a difference in the jury's verdict given the overwhelming trial evidence—particularly, the forensic evidence—establishing Gray's guilt.

Additional facts are set forth as necessary.

ANALYSIS

In the brief filed by his appellate counsel, Gray frames his claim as a motion for new trial under K.S.A. 22-3501(1). He makes no argument he was otherwise entitled to relief under K.S.A. 2023 Supp. 60-1507(f)(2)(A). Rather, he explicitly argues: "[T]he district court erred in using K.S.A. 60-1507(f)(2)(A) to evaluate [his] claim." Accordingly, any argument he was, in fact, entitled to relief under K.S.A. 2023 Supp. 60-1507(f)(2)(A) has been waived and abandoned. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). In his pro se supplemental brief, Gray asserts the district court erred in denying the claims in his K.S.A. 60-1507 motion, but the points he raises on appeal differ from those raised below. Gray's arguments implicate multiple standards of review.

4

*Standards of Review and Applicable Legal Principles*

After a full evidentiary hearing on a K.S.A. 60-1507 motion, the district court must issue findings of fact and conclusions of law concerning all issues presented. Supreme Court Rule 183(j) (2024 Kan. S. Ct. R. at 242). We review the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. The district court's ultimate conclusions of law are reviewed de novo. *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021). Substantial competent evidence refers to legal and relevant evidence a reasonable person could find adequately supports a conclusion. *Granados v. Wilson*, 317 Kan. 34, 41, 523 P.3d 501 (2023).

"The court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice." K.S.A. 22-3501(1). An appellate court reviews the district court's decision on a motion for new trial for an abuse of discretion. *State v. Davidson*, 315 Kan. 725, 728, 510 P.3d 701 (2022). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). "The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion." *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Under K.S.A. 2023 Supp. 60-1507(f)(2)(A), a claim of actual innocence is a procedural gateway to permit filing a K.S.A. 60-1507 motion beyond the one-year time limit of K.S.A. 2023 Supp. 60-1507(f)(1). That is, a proper claim of actual innocence allows the district court to consider the merits of *other* claims in a K.S.A. 60-1507 motion. But Kansas appellate courts have not recognized the existence of a free-standing, substantive claim of actual innocence as a ground for relief under K.S.A. 60-1507. See *Beauclair v. State*, 308 Kan. 284, 297-302, 419 P.3d 1180 (2018); *Skaggs v. State*, 59 Kan. App. 2d 121, 135-38, 479 P.3d 499 (2020). Accordingly, the scope of the district

court's review differs for procedural claims of actual innocence under K.S.A. 2023 Supp. 60-1507(f)(2)(A) and substantive claims of actual innocence under K.S.A. 22-3501(1).

When considering a claim of actual innocence under K.S.A. 2023 Supp. 60-1507(f)(2)(A):

> "a 'habeas court must consider "'all the evidence,'" old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under "rules of admissibility that would govern at trial." . . . Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." . . . The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.'" *Beauclair*, 308 Kan. at 301 (quoting *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 [2006]).

A more stringent standard applies to substantive claims of actual innocence under K.S.A. 22-3501(1). When reviewing such a claim:

> "The two-part test for determining whether a new trial is warranted on the ground of newly discovered evidence requires a court to consider (1) whether the defendant has met the burden of establishing that the newly proffered evidence could not, with reasonable diligence, have been produced at trial and (2) whether the evidence is of such materiality that it would be likely to produce a different result upon retrial." *State v. Rojas-Marceleno*, 295 Kan. 525, 540, 285 P.3d 361 (2012).

In reviewing the materiality of newly proffered evidence, the district court must decide whether the evidence is admissible and assess its credibility and weight to determine if it would produce a different result on retrial. See K.S.A. 60-407(f) ("[A]ll relevant evidence is admissible."); *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021) (evidence is relevant if material and probative); *State v. Williams*, 303 Kan. 585, 597-98,

363 P.3d 1101 (2016) (finding new trial not warranted where proffered evidence not probative of material fact).

This complicates our standard of review because "[w]hile we review a district court's decision on a motion for new trial for an abuse of discretion, we review materiality decisions de novo, giving deference to the district court's findings of fact." *Rojas-Marceleno*, 295 Kan. at 539. Whether evidence is probative is reviewed under the traditional abuse of discretion standard. *State v. Alfaro-Valleda*, 314 Kan. 526, 533, 502 P.3d 66 (2022).

*Discussion*

Gray's claim his K.S.A. 60-1507 motion should have been interpreted as a motion for new trial under K.S.A. 22-3501(1) was not raised below, and we decline to review the issue. Issues not raised before the district court generally cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). There are several exceptions to this general rule, including: "'(1) [T]he newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or prevent denial of fundamental rights; and (3)'" the district court was right for the wrong reason. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008). Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). In *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015), and *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), our Supreme Court warned that Rule 6.02(a)(5) would be strictly enforced and litigants who fail to comply with this rule risk a ruling the issue is improperly briefed and will be deemed waived or abandoned.

Here, Gray argues two exceptions to the preservation rule, but his reliance on the cited exceptions is misplaced. First, Gray argues the point is a pure question of law arising on proven or admitted facts and is finally determinative of the case. Second, he argues review of his claim is necessary to serve the interests of justice and prevent the denial of his fundamental rights. See *In re Estate of Broderick*, 286 Kan. at 1082. However, the "'decision to review an unpreserved claim under an exception is a prudential one.' Even if an exception may apply, we are under no obligation to review the claim. [Citation omitted.]" *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021). Moreover, an appellate court cannot review an unpreserved claim where factual determinations or resolution of disputed facts that are needed to decide the issue have not been addressed by the district court. Reviewing a claim in such circumstances is an abuse of the appellate court's discretion. *State v. Allen*, 314 Kan. 280, 289, 497 P.3d 566 (2021).

As to his first point, Gray is incorrect. Had the facts been undisputed below, the first exception *might* apply. But there are several unresolved questions of fact and law that needed to be addressed by the district court. The first question is whether the newly discovered evidence is even admissible. See *Williams*, 303 Kan. at 597-98; *Rojas-Marceleno*, 295 Kan. at 540. Here, the district court relied on the less stringent standard applicable to K.S.A. 2023 Supp. 60-1507(f)(2)(A), presuming the evidence could be admitted. But the evidence Gray relies on was based on text messages and other hearsay statements recounting a jailhouse conversation between multiple individuals. This necessarily implicates issues of multiple hearsay because Gray's claim is that Owens—who was not a participant in the conversation—allegedly overheard Bogan tell a group of fellow inmates—including Adams—that Conway told Bogan he was the one who killed C.R. This information was later relayed to Gray by Adams along with screen shots of text messages between multiple individuals. Where evidence comes through multiple hearsay, a hearsay exception must apply to each level of hearsay in order to admit the declarant's statement as proof of the matter asserted. See K.S.A. 60-463 ("A statement within the scope of an exception to K.S.A. 60-460 shall not be inadmissible on the ground that it

8

includes a statement made by another declarant and is offered to prove the truth of the included statement if such included statement itself meets the requirements of an exception."); *State v. Gutierrez-Fuentes*, 315 Kan. 341, 356, 508 P.3d 378 (2022).

No hearsay exceptions were argued or proven below because the issue was not presented to the district court as a motion for new trial under K.S.A. 22-3501(1). The district court would have to resolve several questions of fact and law to determine if various exceptions permit the introduction of the multiple-hearsay evidence and ultimately determine its admissibility by deciding whether the evidence is relevant, which requires evaluating both its materiality and probative value. *Gutierrez-Fuentes*, 315 Kan. at 356; *Levy*, 313 Kan. at 237.

On appeal, Gray makes no argument explaining specific hearsay exceptions to permit Conway's alleged confession to be introduced into evidence. The first exception does not apply here. In fact, reviewing Gray's claim under this exception would be an abuse of our discretion because further factual findings and/or resolution of disputed facts are necessary to reach the ultimate legal issue. See *Allen*, 314 Kan. at 289; *Rojas-Marceleno*, 295 Kan. at 539 (appellate court gives deference to district court's factual findings in determining relevance of evidence).

As to his second point, review of Gray's claim is not necessary to serve the interests of justice or prevent the denial of his fundamental rights. Gray's argument on this point is essentially a question of judicial economy—failing to review his claim would potentially result in him filing another K.S.A. 60-1507 motion based on ineffective assistance of habeas counsel. However, the State correctly asserts Gray's argument is speculative and reviewing his claim for this reason would allow the exception to swallow the rule. Doing so would open the flood gates to blanket appellate review of claims whenever a movant's appellate counsel disagrees with the arguments advanced by a movant's habeas counsel before the district court. This frustrates the very purpose of the

9

preservation rule—allowing the district court an opportunity to resolve the factual and legal issues *actually presented* to it. See *State v. Ballou*, 310 Kan. 591, 613-14, 448 P.3d 479 (2019). Neither the interests of justice nor judicial economy are served by allowing movants to waffle between various legal theories on appeal. And to the extent Gray's fundamental rights are implicated, it would not serve the interests of justice to review his claims, as resolution on the merits could become a collateral bar foreclosing future relief. See *In re Care & Treatment of Sigler*, 310 Kan. 688, 697-98, 448 P.3d 368 (2019).

As to the various—and poorly delineated—contentions in Gray's pro se supplemental brief, none of them were raised in Gray's K.S.A. 60-1507 motion, and Gray fails to argue or explain any exception under which they can be considered for the first time on appeal. Because Gray has not argued or explained any exception to the preservation rule, the arguments in his pro se supplemental brief must be deemed waived or abandoned as improperly briefed. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Moreover, because his claims are grounded in factual allegations not addressed by the district court, we cannot address them on appeal. See *Allen*, 314 Kan. at 289.

Even if one of the cited exceptions applied, review of an unpreserved claim is within our discretion. *Rhoiney*, 314 Kan. at 500. We find it would not be a sound exercise of our discretion—to the extent we even have discretion—to address Gray's claims on the merits.

Affirmed.