NOT DESIGNATED FOR PUBLICATION

No. 128,421

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHARON J. WELLS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRYSTAL KRIER, judge. Submitted without oral argument. Opinion filed April 17, 2026. Affirmed.

*Laura Stratton*, of Capital Appeals and Conflicts Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., BRUNS and HURST, JJ.


PER CURIAM: Sharon J. Wells appeals her convictions of aggravated assault and criminal threat following a bench trial. For the first time on appeal, Wells claims the district court violated her due process rights by failing to consider the mens rea element of both crimes, based on a comment the district judge made at the sentencing hearing. She does not challenge the sufficiency of the evidence presented at the bench trial to support her convictions. We agree with the State that Wells' due process claim is not preserved for appellate review. Wells does not explain how any of the preservation exceptions apply to her constitutional claim. Moreover, the record is insufficient for our

1

court to rule on the merits of the claim—that is, the issue is not a pure question of law but would require factual development. Thus, we affirm the district court's judgment.

*Factual and procedural background*

On July 17, 2023, Wells went to a Family Dollar in Wichita with her adult daughter, Jnaeshia. When they arrived at the store, Wells parked and Jnaeshia went inside to pick up some bread. After Jnaeshia returned to the car, she and her mother noticed Wells' brother, Andrew, in the parking lot. Seeing Andrew upset Wells because he allegedly sexually abused her when she was a child. Wells started yelling at Andrew, who responded by walking over to the car, reaching inside, and slapping Wells. Andrew and Wells continued to argue and hit each other. Wells then pulled a handgun from her purse.

Bambi Champ, an employee at the Dollar General, walked out of the store to take her break when she saw Wells arguing with Andrew and waving her gun out of her car. Andrew, who Champ knew as a regular customer, told her to call 911, which she did. Champ testified that Wells pointed the gun at her, yelling that she was going to shoot Andrew and then shoot her, too. Afraid for her life, Champ ran away, ducking behind another car for cover. By the time police arrived, Wells had already driven off. Officer Erin Tialengko who responded to the Dollar General was able to track Wells down at her home based on information provided by Andrew and Champ.

The State charged Wells with two counts of aggravated assault with a firearm— one count each for placing Andrew and Champ in reasonable apprehension of immediate bodily harm—and one count of intentional criminal threat—for her threat to Champ. But the State voluntarily dismissed the aggravated assault charge relating to Andrew because he did not appear at the preliminary hearing. Wells later waived her right to a jury trial and proceeded to a bench trial on the remaining charges.

At the bench trial on May 17, 2024, Champ recounted Wells pointing the gun at her and threatening her life, recalling that she "could see the hole in the barrel when [Wells] pointed it at [her]." Jnaeshia also confirmed that Wells had pointed her gun at Champ; she conceded that although she initially told the police that Wells had not done so, she felt compelled to tell the truth while testifying. Finally, Tialengko testified about her investigation into the incident, including her interviews of Champ and Jnaeshia. Wells testified in her own defense. According to Wells, Andrew instigated the incident by running up to her car in the parking lot, assaulting her, and grabbing at her purse. Wells also claimed that she never pulled her gun out of her purse and never pointed it at Andrew or Champ. After hearing the evidence and the parties' arguments, the district court judge stated that she would have a decision as soon as possible.

A week after the bench trial, the parties reconvened and the district court announced that it found Wells guilty of aggravated assault and criminal threat. The judge did not make any explicit findings of fact but explained:

> "After considering all of the evidence, and I want you—I want everybody to know I did go back through and I listened to the evidence that was presented and watched all of that, and it was a tough call, but I do find Ms. Wells guilty of aggravated assault, and also guilty of criminal threat. I do believe that the state presented enough evidence beyond a reasonable doubt for the Court's finding."

Wells moved for a dispositional departure, citing her remorse for her actions, her history of being abused, and her amenability to probation. At the sentencing hearing on August 15, 2024, Wells did not object to her criminal history score of B, but she reiterated her request for a dispositional departure to probation. The State opposed Wells' request, noting Wells' criminal history and the role of the gun in the offenses. Wells personally addressed the court, expressing her regret for her actions and reiterating her allegations of Andrew's prior abuses. In response, the district judge stated:

"Ms. Wells, I'll just be honest with you, *this was a difficult case because unfortunately with what you were charged with, which was aggravated assault and criminal threat, those two charges it doesn't matter what you intended to have happen. It matters what the victim thought was going on. It was difficult to find you guilty because I knew that you really did not intend to harm Ms. Champ or to scare her and that you were reacting to a situation*, but unfortunately, when you carry a gun around in your purse and you react to situations, sometimes that's what happens and that's the consequence of your actions. So, you know, I sat there, I heard the preliminary hearing, I am aware that Andrew Wells had made allegations against you and that he did not show up for the preliminary hearing. And you know, I'm aware of all the circumstances and I'm taking everything into consideration when I impose the sentence, so I just wanted you to know that." (Emphasis added.)

Wells did not take issue with the judge's comments and raised no objection with the district court proceeding with sentencing. The district court sentenced Wells to a controlling term of 27 months' imprisonment but granted her motion for a dispositional departure to probation for 24 months to be supervised by community corrections. The record reflects that Wells successfully completed her probation on February 3, 2025. Wells timely appealed the district court's judgment.

*Did the district court violate Wells' due process rights by failing to consider the mens rea element of aggravated assault and criminal threat?*

Wells argues for the first time on appeal that the district court violated her due process rights because it allegedly failed to consider the mens rea element of the charged offenses, effectively relieving the State of its burden to prove every element of the crimes beyond a reasonable doubt. To be clear, Wells is not arguing that the State actually failed to present sufficient evidence to support the convictions; she argues only that the district court failed to properly consider all the elements the State was required to prove. Wells' claim relies solely on a comment the district judge made at sentencing, in which she suggested that Wells' intent was irrelevant to the determination of her guilt.

4

The State asserts that Wells' constitutional claim is not preserved for appellate review. Alternatively, the State argues Wells is not entitled to relief because the record does not support her claim that the district court failed to properly consider the mens rea element of the charged crimes and because the evidence supports the verdict.

"Generally, constitutional claims cannot be raised for the first time on appeal." *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Wells acknowledges that her argument is unpreserved but asks this court to apply one of the prudential exceptions allowing appellate consideration of constitutional issues raised for the first time on appeal. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). This court is not obligated to consider an unpreserved claim even if the claim meets an exception to the general rule. *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

Without elaborating on their applicability to her case, Wells claims this court should reach her unpreserved constitutional claim because (1) it involves only a question of law on proved or admitted facts and is determinative of the case and (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of her fundamental rights. But Kansas Supreme Court Rule 6.02(a)(5) (2026 Kan. S. Ct. R. at 36) requires more than simply citing exceptions—an appellant must *explain why* an issue that was not raised below should be considered for the first time on appeal and how the exception fits. To that end, the Kansas Supreme Court has repeatedly warned that Rule 6.02(a)(5) is to be strictly enforced, and that litigants who fail to comply risk a ruling that an issue is improperly briefed and would be deemed waived or abandoned. See, e.g., *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022).

Pointing out Wells' failure to explain the application of the preservation exceptions, the State contends this court should decline to review her unpreserved constitutional arguments. The State's argument is persuasive. Wells has failed to comply

with Supreme Court Rule 6.02(a)(5) and her claim is improperly briefed and can be considered waived or abandoned. We could end our analysis here.

Beyond the fact that Wells has not put forth any explanation of why this court should reach her unpreserved claim, her trial counsel's failure to raise the issue during sentencing before the district court leaves an inadequate record to resolve her claim. As the State points out, "[t]he trial court is presumed to know the law. The trial court, in a bench trial, where jury instructions are not in issue, is presumed to have followed the instructions it would otherwise have given to a jury." *State v. Johnson*, 258 Kan. 61, Syl. ¶ 1, 899 P.2d 1050 (1995). The only information supporting Wells' claim on appeal is a comment the district judge made at the sentencing hearing, months after the court had already determined Wells' guilt. The district court made no explicit factual finding on Wells' intent or mental culpability when it announced its guilty verdict from the bench, and Wells did not object to the sufficiency of the district court's findings.

We cannot know what may have motivated the district judge's comment at the sentencing hearing. Perhaps the judge was trying to empathize with Wells' predicament and her allegations of abuse when she was a child. But the judge's comment at sentencing does not in and of itself show that the district court failed to apply the law to the facts of the case when adjudicating Wells' guilt. The record here shows that the State presented sufficient evidence at trial to support every element of the charged offenses. Wells' claim on appeal does not present a purely legal issue based on proved or admitted facts but would require further factual development to resolve. Based on the record presented for our review, we have no basis to disturb or overturn the district court's judgment.

Affirmed.