NOT DESIGNATED FOR PUBLICATION

No. 125,912

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERED WAYNE BYBEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; STEVEN A. STOCKARD, judge. Opinion filed August 23, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., WARNER and COBLE, JJ.

PER CURIAM: Jered Bybee challenges the district court's denial of his request for a sentencing departure. He argues that the district court abused its discretion in denying his departure request and asserts for the first time on appeal that his concurrent sentences for life imprisonment without the possibility of parole violate the Eighth Amendment to the United States Constitution. We granted Bybee's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State has not responded. After reviewing the record and Bybee's motion, we affirm the district court's ruling.

In 2022, Bybee pleaded no contest to two counts of aggravated criminal sodomy, stemming from sexually abusive conduct that took place between 2016 and 2019. These offenses are off-grid crimes that carry presumptive hard 25 sentences—that is, life

1

imprisonment without the possibility of parole for 25 years. Before sentencing, he sought a durational departure sentence, asking the court to impose consecutive terms of 165 months' imprisonment for a controlling term of 330 months in prison. The district court denied this request, finding Bybee had not shown substantial and compelling reasons to depart, and imposed concurrent hard 25 sentences.

Bybee asserts the district court erred in denying his departure motion. As we have noted, Bybee's convictions carry presumptive sentences of life imprisonment without the possibility of parole for 25 years. See K.S.A. 21-6627(a)(1). A district court may only depart from that presumptive sentence if, "following a review of mitigating circumstances," the court finds substantial and compelling reasons to do so. K.S.A. 21-6627(d)(1). An appellate court will not reverse a district court's decision unless it resulted from an abuse of discretion—if the court's decision was based on a factual or legal error or if no reasonable person would take the view adopted by the judge. See *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015).

Bybee does not argue that the district court's decision was unsupported by the facts or went outside the legal framework governing departure motions. Instead, he asserts that the district court acted unreasonably when it denied his request. But we are not persuaded by this argument. Bybee was convicted of sexual offenses involving children under the age of 14. The district court did not find the reasons Bybee offered for his request—that his crimes were influenced by previous drug use and that he had a limited criminal history—to be sufficiently substantial or compelling to warrant a departure. We cannot say that no reasonable person could have agreed with the district court's decision to deny Bybee's request for a dispositional departure.

Bybee also contends that his lifetime sentence constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Bybee acknowledges that he did not raise this claim before the district court. Constitutional

claims generally cannot be raised for the first time on appeal. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). While appellate courts sometimes consider claims that have not been previously raised, an appellant attempting to raise a new argument on appeal must explain why the issue warrants initial consideration by an appellate court and why the current appellate record, without the benefit of any factual development or other discussion by the district court, permits meaningful appellate review. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019); Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36).

Bybee's motion for summary disposition does not discuss whether his new constitutional argument meets either of these important criteria. And even if we were to reach the merits of his claim, the Kansas Supreme Court has held that a life sentence for aggravated criminal sodomy does not violate the Eighth Amendment. See *State v. Rodgers*, 297 Kan. 83, 92, 298 P.3d 325 (2013) (citing *State v. Woodard*, 294 Kan. 717, 723-24, 280 P.3d 203 [2012]).

Bybee has not shown that the district court erred in imposing his sentence. We affirm the district court's judgment.

Affirmed.