NOT DESIGNATED FOR PUBLICATION

No. 126,322

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER JOE MOSSOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Submitted without oral argument. Opinion filed September 6, 2024. Affirmed in part and reversed in part.

*Sean P. Randall*, of Kansas Appellate Defender office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., GREEN and ATCHESON, JJ.

HURST, J.:  Tyler Joe Mossor appeals the district court's denial of his postsentence motion to withdraw his guilty plea, arguing he demonstrated manifest injustice from his plea counsel's error and because he was coerced into accepting the plea agreement. Mossor failed to carry his burden to demonstrate the district court abused its discretion in denying his motion. First, Mossor failed to preserve his claim of plea counsel error, and second, the plea agreement included some benefits—albeit minimal—for Mossor. However, Mossor correctly argues that, to the extent the district court construed his

1

motion to withdraw his plea to constitute or include a K.S.A. 60-1507 motion for ineffective assistance of counsel, the district court erred.

The district court's denial of Mossor's postsentence motion to withdraw his plea is therefore affirmed, but the district court's treatment of Mossor's motion as a K.S.A. 60-1507 motion is reversed. Mossor's motion to withdraw his plea in this case does not preclude a future K.S.A. 60-1507 motion.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Mossor pled guilty to two counts of domestic battery and one count each of kidnapping, reckless driving, interference with law enforcement, and criminal damage to property for acts he committed in May 2019. In exchange for Mossor's guilty plea, the State agreed to recommend:

> (1) the high number in the grid box for the felony kidnapping count;
> (2) the maximum sentence on the remaining misdemeanor counts and the minimum mandatory fine;
> (3) the counts run concurrent to each other;
> (4) the sentence imposed run concurrent with another criminal case—19CR3339—and consecutive to any other; and
> (5) the statutory presumption of prison be followed.

Mossor was free to argue for any other sentence, but the State would oppose such request. At the same hearing where Mossor pled guilty in this case, he also pled guilty to 17 misdemeanors—3 counts of intimidation of a witness and 14 counts of violation of a protective order—in a separate case, 19CR3339. That decision proved to be significant to his ultimate sentence in this case.

2

The district court later conducted a single sentencing hearing for this case and case 19CR3339 in which Mossor pled guilty to the 17 misdemeanors. Mossor's plea counsel moved for a downward departure. At sentencing, the district court found that the presentence investigation report reflected that Mossor had a criminal history score of A, which neither party challenged. Mossor's plea counsel explained that she "anticipated objecting to the inclusion of" the 17 misdemeanor convictions from case 19CR3339 in calculating Mossor's criminal history score, but she realized "that case law is against me, and I will withdraw any objection at this time." The district court clarified that Mossor's plea counsel had erroneously believed the 17 misdemeanors to which Mossor pled guilty in 19CR3339—and for which he had yet to be sentenced—would not be included in his criminal history score for sentencing in this case.

As anticipated, the State opposed Mossor's motion for a downward departure and urged the district court to follow the State's recommendations in the plea agreement. Mossor argued there were substantial and compelling reasons—including his addiction, abusive childhood, youth, desire to seek treatment, desire to change, and the nature of his felony conviction—to grant him a downward departure. The district court denied Mossor's motion for a downward departure and sentenced him to a controlling prison term of 247 months to be served concurrently with his sentence in 19CR3339.

Mossor filed a direct appeal and, less than a month after sentencing, filed a pro se motion to withdraw his guilty plea. Mossor then moved to voluntarily dismiss his direct appeal, which this court granted, to restore the district court's jurisdiction over his motion to withdraw his plea. Mossor later filed an "amendment" to his pro se motion to withdraw his guilty plea. The district court appointed Mossor counsel who filed a new superseding motion to withdraw Mossor's guilty plea, generally arguing that Mossor's plea counsel rendered ineffective assistance of counsel and that he was misled and coerced into pleading guilty. The district court dismissed Mossor's pro se motion to withdraw his guilty plea and his subsequently filed "amendment" because, in the words of the district

3

court, Mossor's newly appointed attorney had filed a "comprehensive motion that encompasses [Mossor]'s pro se motion to withdraw plea." Mossor was later appointed new counsel (plea withdrawal counsel) to represent him at the hearing on his motion to withdraw his guilty plea.

Mossor's plea withdrawal counsel moved to determine Mossor's competency which temporarily suspended the proceedings. Upon receiving Mossor's competency evaluation, the district court issued an order finding Mossor competent to stand trial and scheduled an evidentiary hearing on his motion to withdraw his guilty plea.

Both Mossor and his plea counsel testified at the evidentiary hearing on Mossor's motion to withdraw his plea. Mossor's plea withdrawal counsel argued, among other things, that the plea agreement was unconscionable because Mossor "received no consideration for his plea. . . . He did not get any benefit from -- any real benefit from his plea." In a lengthy ruling from the bench, the district court ultimately denied Mossor's motion to withdraw his guilty plea, finding Mossor failed to demonstrate the necessary manifest injustice. The district court found Mossor received "multiple benefits" from the plea agreement, including ensuring the State would not seek to amend the kidnapping charge to aggravated kidnapping, ensuring the State would recommend the sentences be served concurrently, and ensuring he was free to argue for a lower sentence. Mossor timely appealed.

DISCUSSION

Mossor appeals the district court's denial of his motion to withdraw his plea, claiming the district court erred by not finding he suffered manifest injustice. On appeal, Mossor argues "his plea counsel was ineffective in failing to recognize the impact of concurrent pleas on [Mossor's] criminal history score and failing to take any action to

4

mitigate that impact" resulting in Mossor being "coerced and unfairly taken advantage of by the State."

This court reviews "a district court's decision to deny a postsentence motion to withdraw a plea for abuse of discretion." *Shelton-Jenkins v. State*, 317 Kan. 141, 144, 526 P.3d 1056 (2023). A district court abuses its discretion when its decision is based on an error of law or fact or is so arbitrary or fanciful as to be unreasonable. *State v. Shields*, 315 Kan. 131, 139, 504 P.3d 1061 (2022)*; State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). Mossor carries the burden to establish the district court abused its discretion in denying his motion. *Shelton-Jenkins*, 317 Kan. at 144. In reviewing the district court's decision, this court gives deference to the district court's factual findings and does not reweigh evidence or assess witness credibility. *State v. Anderson*, 291 Kan. 849, Syl. ¶ 3, 249 P.3d 425 (2011).

The standard governing when the district court may set aside a plea agreement depends on the stage at which the defendant seeks to withdrawal their plea. As here, when a defendant seeks to withdraw a guilty plea after sentencing, the district court may set aside the judgment of conviction and permit a defendant to withdraw a guilty plea "[t]o correct manifest injustice." K.S.A. 22-3210(d)(2). "When assessing whether manifest injustice exists, courts generally consider three nonexclusive factors: (a) whether the defendant was represented by competent counsel; (b) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (c) whether the plea was fairly and understandingly made." *Shields*, 315 Kan. 131, Syl. ¶ 1. These three factors are known as the *Edgar* factors, but they are not the only consideration; "[a] district court may consider other relevant factors, and the defendant need not show that all the factors apply in his favor." *Shields*, 315 Kan. at 139-40; see *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

5

I.    MOSSOR FAILED TO PRESERVE HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL TO DEMONSTRATE MANIFEST INJUSTICE SUPPORTING POSTSENTENCE WITHDRAWAL OF HIS GUILTY PLEA

Mossor contends he suffered manifest injustice because his plea counsel rendered ineffective assistance of counsel. On appeal, Mossor argues his plea counsel was ineffective because she "encouraged him to plead guilty to 17 person misdemeanors in one case at the same hearing in which he pleaded guilty to the felony kidnapping count." "As a result," Mossor argues, "those misdemeanor convictions were used in calculating his criminal history score for the kidnapping conviction, resulting in his criminal history score being raised from a 'B' to an 'A.'"

"[T]o demonstrate manifest injustice to warrant setting aside a plea based on ineffective assistance of counsel, a defendant must show counsel's performance deprived the defendant of his or her Sixth Amendment right to counsel." *Shelton-Jenkins*, 317 Kan. at 144-45. In evaluating this, courts apply a two-prong test to determine whether counsel's performance fell below an objective reasonableness standard, and whether the defendant was prejudiced such that "there is reasonable probability that, but for counsel's errors," the defendant "would not have pleaded guilty" and instead proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *Shelton-Jenkins*, 317 Kan. at 145.

Mossor contends the timing of his plea to the misdemeanors and sentencing in this case was not a strategic decision. Rather, according to Mossor, his plea counsel's statement that she intended to object to inclusion of the misdemeanors in calculating his criminal history score but realized later that was not possible demonstrates the decision was not strategic. He argues on appeal:

"This comment demonstrates that plea counsel did not recognize that those convictions would be included and thought that she would have a valid legal basis to exclude them. Their inclusion was not the result of any strategic decision, but rather an unreasonable failure to understand that, pursuant to K.S.A. 21-6810(a) and every iteration since the adoption of the Sentencing Guidelines in 1993, those misdemeanor convictions would be included in [Mossor's] criminal history score calculation."

. . . .

"Any reasonably diligent practitioner of criminal defense in this State should be aware of that fact. Moreover, there were variety of options available to [Mossor's] plea counsel that could have been employed to avoid this increase of his criminal history score. She could have sought to have the cases consolidated. . . . She also could have sought to delay pleading in the case comprised on only misdemeanors until after sentencing in the felony case had been completed. Her failure to understand a fundamental aspect of Kansas' sentencing scheme, and subsequent failure to take any remedial action upon learning of her misunderstanding, is unreasonable in and of itself. As a result, [Mossor] is serving at least 19 months longer than would have been allowed by law. [Citations omitted.]"

However, as the State points out, Mossor did not raise this argument to the district court in either his motion to withdraw his plea or orally at the evidentiary hearing on his motion. In his motion to withdraw his plea, Mossor argued that because he filed an ethical complaint against his plea counsel, his plea counsel "had either a conflict of interest that should have resulted in her asking to withdraw from the case, or alternatively that the ethics complaint caused her to represent Mossor at less than her best capacity." While Mossor alleged ineffective assistance of his plea counsel before the district court, he failed to include this allegation of ineffectiveness he asserts on appeal. Under these circumstances, the district court was not given an opportunity to review facts or assess the legal merits of this claim, let alone abuse its discretion in doing so. Mossor cannot claim the district court abused its discretion by failing to rule in his favor on an argument the district court never had the opportunity to hear. See, e.g., *Shelton-Jenkins*, 317 Kan. at 143-44 (the defendant failed to preserve claims of ineffective assistance of counsel for appeal when the defendant failed to raise the specific arguments to the district court).

7

Generally, this court declines to review constitutional challenges raised for the first time on appeal. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). However, the Kansas Supreme Court has recognized three exceptions to this general rule:

> "'(1) [T]he newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court's judgment may be upheld on appeal despite its reliance on the wrong ground or reason for its decision.'" *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021) (quoting *State v. Harris*, 311 Kan. 371, 375, 461 P.3d 48 [2020]).

Even when considering an issue for the first time on appeal under one of these exceptions, the appellant *must* explain "why the issue is properly before the court" despite the appellant's failure to raise it below. Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36); see also *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019) (declining to review a claim when the defendant to failed to "explain why [the court] should apply an exception to consider" an unpreserved argument for the first time on appeal). The Kansas Supreme Court has repeatedly warned litigants that this rule will be strictly enforced. See, e.g., *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

Mossor raises this claim of ineffectiveness of counsel for the first time on appeal but fails to explain why it is nevertheless properly before this court. Even after the State pointed out this failure, Mossor failed to submit a reply brief with an explanation of why this claim is properly before this court. Accordingly, Mossor has failed to comply with Rule 6.02(a)(5) and this court therefore declines to review his unpreserved claim.

II.     MOSSOR FAILED TO DEMONSTRATE MANIFEST INJUSTICE FROM BEING TAKEN ADVANTAGE OF DURING THE PLEA NEGOTIATION PROCESS

Mossor contends he demonstrated that he was "misled, coerced, and unfairly taken advantage of during the plea 'negotiation' process" because "he received no benefit from the prosecutor's plea offer." The State argues Mossor benefited from the plea agreement in the following ways: (1) the State would not seek to amend the charge from kidnapping to aggravated kidnapping; (2) the State would recommend the sentences imposed in these cases run concurrently; and (3) Mossor was free to argue for a departure. Mossor dismisses each of these alleged benefits.

First, he argues "[t]he State's promise to not attempt to amend a complaint, when we have no way of knowing whether it would be successful, let alone result in a conviction and greater sentence, is not a benefit to [Mossor]." Second, Mossor argues "the contention that the State recommended that the sentences run concurrently was not beneficial to [Mossor] because the district courts of this State routinely order sentences punishable by confinement only in the county jail to run concurrent with sentences imposed in the Department of Corrections." Finally, Mossor argues his permission to argue for a lower sentence was not a benefit because "he would have been allowed to do that if he had gone to trial."

Mossor's arguments are unpersuasive. First, the State's agreement to not amend the simple kidnapping charge to aggravated kidnapping is a benefit. While it is *possible* the court would not have permitted such an amendment, given the standard for pretrial amendment of charges and the definition of aggravated kidnapping, the risk of such an amendment is more than negligible. See K.S.A. 21-5408(b) (defining aggravated kidnapping as simply "kidnapping, as defined in subsection (a), when bodily harm is inflicted upon the person kidnapped"); K.S.A. 22-3201(e) ("The court may permit a complaint or information to be amended at any time before verdict or finding if no

9

additional or different crime is charged and if substantial rights of the defendant are not prejudiced."); *State v. White*, 316 Kan. 208, Syl. ¶ 2, 514 P.3d 368 (2022) ("K.S.A. 2021 Supp. 22-3201(e) permits the State to amend an information at any time before a verdict if it charges no additional or different crime and if the defendant's substantial rights are not prejudiced."). "Whether to allow the amendment of a complaint before trial is subject to the district court's discretion. This court consistently has given the State considerable latitude in amending a complaint prior to trial." *State v. Bischoff*, 281 Kan. 195, Syl. ¶ 8, 131 P.3d 531 (2006). The State's agreement to dismiss charges or amend charges to lesser offenses has been recognized as a benefit in plea agreements; therefore, the State's agreement to not seek an amendment to elevate the kidnapping charge to aggravated kidnapping—when the factual allegations could satisfy the elements of such a charge— holds a similar benefit. *State v. Woodring*, 309 Kan. 379, 384, 435 P.3d 54 (2019) (finding the defendant "received the benefit of the plea agreement in the form of . . . the dismissal of other charges."); *State v. Dominguez*, 299 Kan. 567, 572, 588, 328 P.3d 1094 (2014) (characterizing the State's agreement to amend charges to a lesser included offense as a benefit of the plea agreement). To find otherwise would mean that, when negotiating a plea agreement, the State would have to either initially charge at the highest level possible or amend charges to the higher aggravated level and then make amendment to a lesser charge part of the plea negotiation. This creates unnecessary steps resulting in little more than an illusory difference in the circumstances.

By accepting the plea agreement, Mossor ensured the State would not seek to charge him with aggravated kidnapping, similar to if the State had charged him with aggravated kidnapping and agreed to amend to simple kidnapping as part of the plea agreement. As the district court explained at the hearing, "[i]f [Mossor] was convicted of Severity Level 1, aggravated kidnapping, the high number is 653 months. If he was convicted of Severity Level 3, kidnapping, the high number is 247 months; so you are talking [about] almost three times potential months. . . ."

10

Second, a district court's ability or propensity to order felony prison sentences and misdemeanor jail sentences be served concurrently does not mean the State's recommendation for concurrent sentences did not benefit Mossor. Without the plea agreement, the State could have recommended Mossor serve the sentences consecutively, and such a recommendation could have carried weight with the district court leading to a longer sentence. By accepting the plea agreement, Mossor limited the risk of consecutive sentences and ensured the State would recommend just the opposite.

Finally, as part of the plea agreement, the State could have required Mossor to agree not to seek a lower sentence than the State recommended. As the district court pointed out, "there are plenty of plea agreements that state the defendant is not free to argue" for a lower sentence. While Mossor would have been free to argue for a lower sentence had he gone to trial, the plea agreement permitted him to argue for a lower sentence while eliminating the risk of trial and receiving the other benefits of the agreement.

While the plea agreement benefits were not so abundant as to make Mossor's acquiescence assured—particularly given the addition of the misdemeanor convictions to his criminal history score—it was not so devoid of benefit that Mossor must have been coerced or misled into accepting it. Mossor failed to demonstrate the district court abused its discretion in finding that he failed to demonstrate the manifest injustice necessary to permit him to withdraw his plea after sentencing.

11

III.    MOSSOR'S MOTION TO WITHDRAW HIS PLEA IS NOT A K.S.A. 60-1507 MOTION, AND MOSSOR'S ACTION HERE DOES NOT PREVENT HIM FROM SUBMITTING A K.S.A. 60-1507 MOTION IN THE FUTURE

As a final matter, Mossor claims the district court erroneously considered his motion to withdraw his plea as a motion under K.S.A. 60-1507 for ineffective assistance of counsel. Mossor's claim arises from the district court's following unusual statement at the end of its ruling on his motion:

> "I'm also going to consider that this evidentiary hearing and the motion itself and the issues and testimony of the defendant and all witnesses to have actually raised 1507 issues, specifically, under K.S.A. 60-1507 on ineffective assistance of counsel, and the evidence has been specific on ineffective assistance of counsel, and the Court's ruling has been specific as to 1507 issues on ineffective assistance of counsel."

In an atypical response, the State agreed "that K.S.A. 60-1507 was not triggered by defendant's motion" and assured Mossor in its briefing that the State "will not use the court's statement to bar an actual petition filed pursuant to K.S.A. 60-1507." This court agrees that Mossor's motion to withdraw his plea explicitly invoked K.S.A. 22-3210(d)(1) and did not implicate or constitute a K.S.A. 60-1507 motion. To the extent the district court's comment can be taken as an intent to construe Mossor's motion to be a K.S.A. 60-1507 motion, the district court erred, and that narrow portion of its judgment is reversed. Mossor's motion to withdraw his plea in this case does not preclude any future K.S.A. 60-1507 motion.

CONCLUSION

Mossor entered into a plea agreement that did not greatly benefit him, but it was not so devoid of benefit as to establish that he was somehow misled, coerced, mistreated, or unfairly taken advantage of during the process. It is also true that Mossor's guilty pleas

12

to 17 misdemeanors before sentencing in this case resulted in a higher criminal history score and longer sentence, but Mossor failed to argue to the district court that this resulted from ineffective assistance of plea counsel. The district court's denial of Mossor's motion to withdraw his plea is therefore affirmed, but any implication or determination that Mossor's motion to withdraw his plea constituted a K.S.A. 60-1507 motion is reversed.

Affirmed in part and reversed in part.